■ Virginia Laureano, Appellant, v Gilbert Louzoun et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated February 8, 1988, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 21, 1985, the plaintiff, a tenant in the defendants' premises, arose from bed at approximately 5:00 A.M. and put two large pots of water on her stove to boil. While in the process of pouring the boiling water from one pot into the other, the plaintiff banged the pots against each other, causing the boiling water to spill onto her knee and feet. The plaintiff commenced the instant action, alleging, *inter alia,* that the defendants' negligence in failing to provide heat and hot water to the premises and in failing to maintain the boiler in proper working condition caused the incident and her resulting injuries. The plaintiff further alleged that the defendants had constructive notice of the defective condition at least two weeks prior to the incident, as well as actual notice. The defendants moved for summary judgment on the ground that their conduct was not, as a matter of law, the proximate cause of the plaintiff's injuries. The trial court granted the motion holding that "[t]here was no connection of proximate cause between the lack of heat and the accident". We affirm.

The defendants' failure to provide heat and hot water to the premises was not the proximate cause, as a matter of law, of the injuries sustained by the plaintiff. While the defendants' conduct gave rise to the plaintiff's attempt to provide a substitute supply of heat, the act of boiling water was not the direct cause of the injuries *(see, Martinez v Lazaroff,* 66 AD2d 874, *affd* 48 NY2d 819). Rather, the intervening act of banging one pot against the other brought about the injuries sustained by the plaintiff. Those injuries would not have resulted from the failure to supply hot water alone, and cannot be classified as injuries normally to have been expected to ensue from the landlord's conduct *(Martinez v Lazaroff,* 48 NY2d 819, 820, *supra; cf., Pagan v Goldberger,* 51 AD2d 508). Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.