■ DOROTHY WELLS et al., Appellants, v JOAN FINNEGAN, Respondent.—Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 17, 1990 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

On or about July 16, 1988, plaintiffs George Wells and Dorothy Wells looked at an unfurnished apartment owned by defendant. At that time the apartment contained a gas stove and a refrigerator. Upon inquiry, Mr. Wells was told that the stove did not work. He was not told that the stove would be replaced, but assumed that it would be. The Wellses and their two children moved into the apartment on July 18, 1988 and two days later a representative of Central Hudson Gas and Electric Corporation arrived at the apartment to activate the gas and electric service. The representative advised Mr. Wells that he was not activating the gas stove because he was condemning it. Mr. Wells told defendant that the stove had been condemned and she replied that she would try to get a new one. In the interim, defendant gave the Wellses a hot plate to use for cooking. The Wellses furnished the kitchen with a table upon which they put the hot plate and a toaster oven. On March 14, 1989, while Mrs. Wells was boiling water in a pot on the hot plate preparatory to making macaroni, her daughter, plaintiff Jessica Wells, ran into the kitchen, hit the table and fell to the floor, knocking the pan of boiling water over and resulting in extensive burns to Jessica's body. Plaintiffs commenced this action against defendant seeking damages for the injuries sustained by Jessica. Supreme Court thereafter granted defendant's motion for summary judgment dismissing the complaint and this appeal by plaintiffs ensued.

Plaintiffs contend that defendant was negligent in failing to provide them with a stove, and that such negligence was the proximate cause of Jessica's injuries because the failure to provide the stove forced Mrs. Wells to resort to using a hot plate, which constituted a more hazardous method of cooking. We disagree. Negligence requires both a foreseeable danger of injury and conduct unreasonable in proportion to that danger

*(see, Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344). Moreover, it is the foreseeability of the danger that defines defendant's duty to these plaintiffs *(see, supra)*. We hold, as a matter of law, that the injuries to Jessica were not foreseeable as a result of defendant's failure to provide plaintiffs with a stove *(see, Gonzalez v Pius,* 138 AD2d 453, *lv denied* 72 NY2d 810).

Moreover, we find that defendant's failure to supply plaintiffs with a stove, even if assumed to be negligence, was not the proximate cause of the injuries suffered by Jessica. The Court of Appeals, in a similar case where the landlord failed to provide a tenant with hot water, stated that: "[I]t was not the failure to supply hot water which was the direct cause of the injuries; the causal connection between the two was attenuated. The failure to furnish hot water gave rise to intervention on the part of the [tenant] to provide a substitute supply of hot water. But that action was not a direct cause of the injuries either" *(Martinez v Lazaroff,* 48 NY2d 819, 820). While here it was defendant, the landlord, who provided the hot plate, the injuries occurred when Mrs. Wells was using the hot plate as a substitute for the stove and Jessica bumped into the table causing scalding water to spill on her. The intervention of Mrs. Wells and Jessica brought about Jessica's injuries, which were entirely different in character from any that would have resulted from failure to supply a stove, "and those injuries cannot be classified as normally to have been expected to ensue from the landlord's dereliction" in failing to provide the stove *(supra,* at 820).

Plaintiffs' only other theory of negligence is equally without merit. Plaintiffs claim that defendant was negligent in providing them with a hot plate; they argue that because defendant knew or should have known that, due to lack of counter space, it would be necessary to use it on a table, this raised the foreseeable spectre of an accident. There is nothing in the record to suggest that the hot plate given to plaintiffs by defendant was in any way dangerous or defective. A hot plate is a common appliance used regularly in our society. While accidents can be foreseen with its use, as with any other household appliance, the mere happening of an accident does not give rise to liability *(cf., Killeen v State of New York,* 66 NY2d 850). Accordingly, the order granting summary judgment to defendant must be affirmed.

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, with costs.