■ DONNA MILLER, Appellant, v HANNAFORD BROTHERS COMPANY, Respondent. [675 NYS2d 436] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered October 2, 1997 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was shopping at a supermarket owned and operated by defendant, located in the Village of Massena, St. Lawrence County. While checking out her groceries, plaintiff took from her shopping cart a bottle of carpet cleaner and placed it on the conveyor belt; the bottle was plastic, nonpressurized and designed with a trigger sprayer that had a safety cover. While the cashier scanned the groceries, the bottle fell over, triggering the release mechanism and causing the bottle to squirt some of the cleaner into plaintiff's eye, resulting in an injury to her eye. Plaintiff commenced this negligence action alleging that the injury occurred as a result of the cashier mishandling the groceries. After defendant moved for summary judgment dismissing the complaint, Supreme Court granted the motion and this appeal ensued. We affirm.

"Negligence requires both a foreseeable danger of injury and conduct unreasonable in proportion to that danger" (*Wells v Finnegan*, 177 AD2d 893; *see, Palsgraf v Long Is. R. R. Co.*, 248 NY 339); the foreseeability of the risk defines defendant's duty to plaintiff (*see, Wells v Finnegan, supra*, at 894). Here, the record lacks evidence establishing that the ocurrence that caused plaintiff's injury was a foreseeable risk of defendant's alleged negligence (*see, Di Ponzio v Riordan*, 89 NY2d 578, 584). Plaintiff made no allegations that the bottle was improperly handled before it was placed on the conveyor belt; plaintiff testified that as she picked up the bottle from the shelf and placed it in her cart, the top did not appear to be loose and the bottle did not seem to be damaged. Defendant submitted proof that this bottle was designed to prevent accidental spraying of its substance, even if the bottle was dropped, pushed over or mishandled, and there was no evidence that the bottle's top had been loosened or that the safety device had been deacti-

vated. Defendant's submissions also establish that the supermarket employees are trained not to stock any merchandise that appears to be damaged or defective. Moreover, defendant was unaware of any previous incidents where a customer had been sprayed by an unintentional discharge of a bottle. In our view, in light of the aforementioned factors, it was not unreasonable for the cashier to handle the groceries "a little roughly" without making a special effort to guard against the possibility that the bottle might spray.

Defendant having met its initial burden by demonstrating the absence of any factual questions with respect to the foreseeability of plaintiff's injury, the burden shifted to plaintiff to tender evidentiary proof warranting a trial on the issue of defendant's negligence (*see, Cohen v Masten*, 203 AD2d 774, 776, *lv denied* 84 NY2d 809; *see also, Zuckerman v City of New York*, 49 NY2d 557, 562). We concur with Supreme Court's conclusion that plaintiff failed to meet this burden; there is no evidence that her injury was a foreseeable risk of the cashier's actions, even if the latter was, as plaintiff alleges, mishandling the groceries.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.