■ BRIAN D. HOLLOWAY et al., Appellants, v WILLETTE CORPORATION OF NEW JERSEY et al., Respondents, et al., Defendant. [720 NYS2d 646] —Rose, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 3, 1999 in Rensselaer County, which granted motions by defendants Willette Corporation of New Jersey and Scott's Inside Out Decorating Center for summary judgment dismissing the complaint against them.

Plaintiff Brian D. Holloway (hereinafter plaintiff) was raising himself from a sitting position in order to get out of his bathtub when he broke a wall-mounted ceramic soap dish, which he allegedly was using only to balance himself, causing him to fall back down into the bathtub and lacerate a finger on the edge of the broken soap dish. Defendant Scott's Inside Out Decorating Center had supplied and installed the soap dish, manufactured by defendant Willette Corporation of New Jersey, in the course of replacing the ceramic tile in plaintiff's bathroom. Plaintiffs commenced this action alleging that defendants were liable for negligence, strict products liability and breach of warranty for the manufacture and installation of the soap dish. When Scott's and Willette (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint, Supreme Court granted their motions finding that, *inter alia*, plaintiffs failed to present any evidence that the soap dish was defective and that such defect, rather than plaintiff's conscious misuse of the soap dish as a handhold, was the proximate cause of his injury.

Plaintiffs appeal, contending that liability arises not from a defect in the soap dish or defendants' failure to warn that it was not a handhold, but from Willette's failure to warn plaintiff and Scott's that the soap dish was intended only for use over a sink, and that this failure was a cause of plaintiff's injury because Scott's would not have installed the soap dish over the bathtub if such a warning had been given. As to Scott's, plaintiffs argue that liability arises from its negligence in installing a sink model soap dish over the bathtub. Through the affidavit of their materials engineering expert, plaintiffs assert that the pressure that plaintiff applied would not have

resulted in breakage and injury if Willette's bathtub model soap dish had been installed instead because the average force necessary to break the bathtub model was 428 pounds compared to 210 pounds for the sink model.

Since no manufacturing defect is alleged to explain the inconsistency between plaintiff's claim that he put only slight pressure on the soap dish immediately before it fractured and his expert's proof that an average of 210 pounds was required to break other samples of Willette's sink model soap dish, and since plaintiff admitted that he knew the soap dish was not a handle, the record establishes that plaintiff consciously misused the soap dish in trying to balance or support himself. However, the record also contains evidence that such misuse was foreseeable here because Peter Tripod, Willette's president, concedes in his deposition testimony that potential unintended uses included using a bathtub soap dish "as a handle to stand up by."

While the manner of plaintiff's misuse of the soap dish may have been foreseeable and this would imply a duty to warn against such use (*see, Liriano v Hobart Corp.*, 92 NY2d 232, 240; *Baptiste v Northfield Foundry & Mach. Co.*, 184 AD2d 841, 843), plaintiffs do not allege a breach of this duty because plaintiff admittedly knew that the soap dish was not to be used as a handle. Rather, plaintiffs assert that liability arises from Willette's failure to warn against installation of its sink model soap dish over a bathtub. However, the record lacks evidence establishing that it was also foreseeable that Scott's, which was aware of the distinction between Willette's sink and bathtub models, would install the sink model over plaintiffs' bathtub. In his undisputed deposition testimony, Tripod indicated that no information regarding proper installation of its sink model soap dish is communicated to Willette's customers because the possible misuses are known in the industry and its products are sold through distributors to qualified installers rather than to retail consumers. Nor is there any evidence of prior incidents of improper installation of the sink model causing injury that would have made misinstallation foreseeable here. Thus, there is no proof of the element of foreseeability necessary to support a finding of a duty owed by Willette to warn installers such as Scott's not to place its sink model soap dishes over bathtubs (*see, Miller v Hannaford Bros. Co.*, 252 AD2d 725; *see also, Di Ponzio v Riordan*, 89 NY2d 578, 583). As no duty was owed, Willette cannot be held liable to plaintiffs on the theories alleged in their complaint.

As to the claim against Scott's, however, there are issues of

fact as to whether Scott's owed a duty to install an appropriate soap dish model over the bathtub and whether its failure to use Willette's bathtub model was a breach of duty that proximately caused plaintiff's injury. As noted in connection with Willette's motion, we find record evidence indicating that plaintiff's misuse was foreseeable and not of such an extraordinary nature to constitute a superseding cause absolving Scott's of liability. "[W]hile a negligent defendant may be relieved of liability if the conduct of another has intervened to 'break[ ] the chain of causal connection' between that defendant's breach of duty and the ensuing injury * * * the conduct must be so extraordinary or unforeseeable that it is unreasonable to hold the defendant responsible for the resulting damages" (*Wood v Neff*, 250 AD2d 225, 228 [citations omitted]; *see, Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Kriz v Schum*, 75 NY2d 25). Thus, the question of whether plaintiff's misuse of the soap dish was the sole proximate cause of his injury cannot be determined as a matter of law.

Accordingly, Supreme Court properly granted Willette's motion for summary judgment but erred in granting the motion brought by Scott's. In view of these rulings, we need not address plaintiffs' remaining contentions.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Scott's Inside Out Decorating Center for summary judgment; said motion denied; and, as so modified, affirmed.