■ KEVIN HOANG et al., Appellants, v MAN CHONG WONG, Respondent. [853 NYS2d 654]—

The failure of the defendant landlord to provide heat and hot water to the plaintiffs' apartment was not a proximate cause of the personal injuries sustained by the infant plaintiff. While the defendant's conduct gave rise to the plaintiff mother's attempt to provide a substitute supply of hot water so that the infant plaintiff could bathe, the intervening act of the mother and the son walking into each other while the mother sought to transport a pot of boiled water into the bathroom brought about the injuries sustained by the infant plaintiff. Those injuries would not have resulted from the failure to supply hot water alone, and cannot be classified as injuries normally to have been expected to ensue from the defendant landlord's conduct (*see Martinez v Lazaroff,* 48 NY2d 819, 820 [1979]; *Barragan v Mathai,* 253 AD2d 508, 509 [1998]; *Laureano v Louzoun,* 165 AD2d 866 [1990]; *see also Wells v Finnegan,* 177 AD2d 893, 894 [1991]). In opposition to the defendant establishing his prima facie entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.