■ PATRICK FUNK, Respondent, v UNITED PARCEL SERVICE, INC., Defendant/Third-Party Plaintiff-Respondent-Appellant. LONG ISLAND 2 DAY WALK TO FIGHT BREAST CANCER, INC., Third-Party Defendant-Appellant-Respondent. [900 NYS2d 740]—

In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered April 15, 2009, as denied its cross motion for summary judgment dismissing the third-party complaint, and the defendant/third-party plaintiff cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, and the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint and the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint are granted, with one bill of costs payable by the plaintiff to the third-party defendant and the defendant/third party plaintiff.

The third-party defendant, Long Island 2 Day Walk To Fight Breast Cancer, Inc. (hereinafter LI2DW), planned a two-day fund-raising event to be held over the weekend of June 5 and 6, 2004. The event was to begin in Smith Point Park in Shirley, proceed to Cathedral Points Park in the northern part of the Town of Brookhaven, where the participants were to stay overnight, and then end the next day back in Smith Point Park for closing ceremonies. The plaintiff was a volunteer in the event. The defendant, United Parcel Service, Inc. (hereinafter UPS), donated the use of a refrigerated trailer for the purpose of providing food and water to the participants. The trailer was constructed with an aluminum floor, with grooves from the front to the rear to facilitate the circulation of refrigerated air. A three-inch by three-inch trough ran perpendicular to the grooves, approximately two inches from the rear of the trailer, near its doors. According to the plaintiff's deposition testimony, the floor of the trailer was approximately 4½ to 5 feet above the ground.

At approximately 5:15 to 5:30 A.M. on June 5, 2004, the plaintiff began unloading food from the trailer to set up breakfast for the event participants. Although there was a dispute about whether a ladder in the trailer was accessible, the plaintiff

was able to enter and exit the trailer without difficulty by hoisting himself up to the edge of the floor of the trailer to enter it, and by squatting and then jumping, using his left hand for stability, to exit it. He began removing food from the trailer and, without incident, completed one or two trips from the trailer to the tents where food would be served. According to the plaintiff's deposition testimony, it was still somewhat dark outside when he commenced working in the trailer that morning, and it was undisputed that there was no artificial lighting inside the trailer itself. Nonetheless, the plaintiff admitted that he saw the trough the first time he climbed into the trailer that morning in the natural light, and that he worked for approximately 15 to 20 minutes before his accident, during a time of day when it was growing lighter outside. As the plaintiff prepared to jump down from the edge of the trailer just before he was injured, he stood on the trough but, when he jumped, his foot caught in it and he fell to the ground, allegedly sustaining injuries.

The plaintiff commenced this action against UPS, and UPS commenced a third-party action against LI2DW. In his bill of particulars, the plaintiff specified that UPS was negligent by failing to provide artificial lighting in or near the trailer and by failing to warn him about the trough. After discovery was completed, UPS moved for summary judgment dismissing the complaint and LI2DW cross-moved for summary judgment dismissing the third-party complaint. The Supreme Court denied both the motion and the cross motion. We reverse.

To establish its prima facie entitlement to judgment as a matter of law, a party moving for summary judgment must present proof in admissible form demonstrating the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Once the movant satisfies its burden, the party opposing the motion must demonstrate the existence of a triable issue of fact (id.).

Here, by submitting the plaintiff's deposition testimony, UPS satisfied its burden of establishing that the allegedly inadequate lighting was not a proximate cause of the plaintiff's injuries. Whatever the level of light, the plaintiff's own testimony established that he saw the trough with the aid of only natural lighting upon first entering the trailer, and that he made one or two trips from the trailer to the food service area uneventfully before he was injured 15 to 20 minutes later, when the natural lighting was improving. This evidence established, prima facie, that the lack of artificial lighting or the failure to warn the

plaintiff was not a proximate cause of his injuries (*see Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]). Since the plaintiff did not present evidence sufficient to raise a triable issue of fact, UPS's motion for summary judgment should have been granted (*see Louman v Town of Greenburgh*, 60 AD3d at 916). We note that the plaintiff expressly disclaimed reliance on the alleged absence of an accessible ladder, as he argued that the accident would have occurred even had a ladder been provided.

Inasmuch as UPS's motion for summary judgment should have been granted, LI2DW's cross motion for summary judgment dismissing the third-party complaint should have been granted as well (*see Fontana v R.H.C. Dev., LLC*, 69 AD3d 561, 563 [2010]). Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.