■ KIMBERLY HORN, Respondent, v HERMAN HIRES, Appellant. [924 NYS2d 411]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 1, 2010, which denied his motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion, in effect, for summary judgment dismissing the complaint is granted.

The plaintiff tenant alleged that she was boiling water on all four burners of the stove in her leased apartment because the defendant landlord failed to provide any heat or hot water. When the plaintiff attempted to rise from her chair, her chair struck the stove, causing the boiling water from two of the pots on the range to spill and fall on her.

The defendant established his entitlement to judgment as a matter of law dismissing the complaint by establishing, prima facie, that his alleged negligence in failing to provide heat and hot water was not a proximate cause of the accident. The plaintiff's injuries would not have resulted from the failure to

supply heat and hot water, and cannot be classified as injuries normally to have been expected to ensue from the defendant's conduct (see *Martinez v Lazaroff*, 48 NY2d 819, 820 [1979]; *Hoang v Man Chong Wong*, 49 AD3d 694 [2008]; *Wells v Finnegan*, 177 AD2d 893, 894 [1991]; *Laureano v Louzoun*, 165 AD2d 866, 867 [1990]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff raised new theories of liability for the first time in opposition to the motion which should not have been considered in light of the plaintiff's protracted delay in presenting those new theories (see *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 736 [2008]; *Medina v Sears, Roebuck & Co.*, 41 AD3d 798, 799-800 [2007]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]). Accordingly, the Supreme Court should have granted the defendant's motion, in effect, for summary judgment dismissing the complaint. Covello, J.P., Eng, Chambers and Miller, JJ., concur.