In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered August 7, 2012, as denied his motion for summary judgment dismissing the complaint and the third-party complaint, and the defendants/third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their separate motion which was for summary judgment dismissing the complaint.
Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs to the third-party defendant and the defendants/third-party plaintiffs appearing separately and filing separate briefs, payable by the plaintiff, those branches of the motions of the third-party defendant and the defendants/third-party plaintiffs which were for summary judgment dismissing the complaint are granted, and that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint is granted.
The plaintiff allegedly tripped and fell over a wheel stop located in a parking lot of a strip mall in Wantagh. The plaintiff commenced this action against Gypsy Magic Enterprises, Incorporated, and The Silver Scissors, Ltd., the owner and lessee, respectively, of the store in front of which she allegedly tripped. The defendants commenced a third-party action against William M. Goldrick, the owner of an office in the strip mall, alleging that he created the allegedly dangerous condition over which the plaintiff fell and, therefore, was liable in contribution *868 to them. Goldrick moved for summary judgment dismissing the complaint and the third-party complaint, and the defendants separately moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied Goldrick’s motion, and that branch of the defendants’ motion which was for summary judgment dismissing the complaint.
While a landowner has a duty to maintain its premises in a reasonably safe manner for its patrons (see Basso v Miller, 40 NY2d 233, 241-242 [1976]), there is no duty to protect or warn against an open and obvious condition that is not inherently dangerous (see Stern v River Manor Care Ctr., Inc., 106 AD3d 990, 991 [2013]; Gallub v Popei’s Clam Bar, Ltd., of Deer Park, 98 AD3d 559, 560 [2012]; Pipitone v 7-Eleven, Inc., 67 AD3d 879 [2009]; Cupo v Karfunkel, 1 AD3d 48, 52 [2003]). Generally “[a] wheel stop or concrete parking lot divider which is clearly visible presents no unreasonable risk of harm” (Stern v River Manor Care Ctr., Inc., 106 AD3d at 991; Gallub v Popei’s Clam Bar, Ltd., of Deer Park, 98 AD3d at 560; Cardia v Winchester Holdings, LLC, 35 AD3d 336, 337 [2006]).
Here, Goldrick and the defendants met their respective prima facie burdens of establishing that the wheel stop over which the plaintiff allegedly tripped was open and obvious and not inherently dangerous. In opposition, the plaintiff failed to raise a triable issue of fact.
During her deposition, the plaintiff acknowledged that a photograph she was shown depicted the exact location of the wheel stop as it appeared on the day of her accident. In that photograph, the wheel stop was partially in front of the defendants’ store, and was both at the edge of the parking lot and adjacent to a walkway. The cement-colored wheel stop was raised several inches above both the walkway and the black-top parking lot (see Giambruno v Wilbur F. Breslin Dev. Corp., 56 AD3d 520, 521 [2008]). Moreover, the plaintiff testified during her deposition that she noticed the wheel stops in the parking lot shortly before her accident, and that she was consciously trying to step over the wheel stop at issue when her foot made contact with it (see Gallub v Popei’s Clam Bar, Ltd., of Deer Park, 98 AD3d at 560). Thus, the plaintiff’s own deposition testimony established that the open and obvious nature of the subject wheel stop was apparent to her (see Gallo v Hempstead Turnpike, LLC, 97 AD3d 723 [2012]).
Accordingly, the Supreme Court should have granted those branches of the motions of Goldrick and the defendants which were for summary judgment dismissing the complaint.
In light of our determination, Goldrick is entitled to summary *869 judgment dismissing the third-party complaint (see Funk v United Parcel Serv., Inc., 73 AD3d 851, 853 [2010]), and the remaining contentions of Goldrick and the defendants have been rendered academic. Rivera, J.E, Dillon, Chambers and Hinds-Radix, JJ., concur.