■ FATIMA BINTA DIA, an Infant, by Her Father and Natural Guardian, MOHAMMED ALLY DIA, et al., Respondents, v FIELD-BRIDGE ASSOCIATES, LLC, Appellant. [1 NYS3d 278]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 24, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff Fatima Binta Dia (hereinafter the infant plaintiff) allegedly was injured when boiling water spilled on her in the kitchen of an apartment that her father, the plaintiff Mohammed Ally Dia, rented from the defendant. At the time of the accident, the infant plaintiff, who was then 2½ years old, and her three siblings, who were between the ages of three and nine years old, were under the care of their mother, who was the only adult present in the apartment when the accident occurred.

The mother testified at her deposition that just prior to the accident, she was preparing dinner for her children by boiling hot dogs in a pot of water on the stove. The mother then went to the bathroom, leaving the stove on and the pot of hot dogs still boiling on the stove. While the mother was in the bathroom with the door closed, she heard one of her children yell, and when she went back into the kitchen she observed the infant plaintiff and her brother in the kitchen. The infant plaintiff had water dripping from her and sustained burns from the boiling water. When the mother asked her son how the accident occurred, he indicated that he had spilled the pot of boiling water on the infant plaintiff. The mother's account was consistent with the affidavit of a police officer who responded to the scene and who noted in her report that the infant plaintiff's brother spilled boiling water on the infant plaintiff.

The plaintiffs commenced this action against the defendant, alleging that the kitchen had inadequate lighting due to the defendant's negligence in failing to provide electricity and to repair

a broken light fixture in the kitchen, and that such negligence caused the infant plaintiff's injuries. The defendant moved for summary judgment dismissing the complaint arguing, inter alia, that the alleged negligence was not a proximate cause of the infant plaintiff's injuries. The Supreme Court denied the defendant's motion. We reverse.

"A landlord has a duty to maintain its premises in a reasonably safe condition" (*Rashid v Clinton Hill Apts. Owners Corp.*, 70 AD3d 1019, 1020 [2010]; *see Ruiz v Hart Elm Corp.*, 44 AD3d 842, 843 [2007]). "A tenant may recover damages, however, only on a showing that the landlord's negligent conduct was a proximate cause of the injury" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *see Muong v 550 Ocean Ave., LLC*, 78 AD3d 797, 798 [2010]).

Here, the defendant demonstrated that the infant plaintiff was injured when her brother spilled boiling water on her while their mother was in the bathroom. The actions of the infant plaintiff's brother and their mother were "divorced from and not the foreseeable risk associated with the [alleged] negligence" and "the injuries were different in kind than those which would have normally been expected" from a failure to provide adequate lighting (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316 [1980]; *see Martinez v Lazaroff*, 48 NY2d 819, 820 [1979]; *Horn v Hires*, 84 AD3d 1025, 1025-1026 [2011]; *Wells v Finnegan*, 177 AD2d 893, 894 [1991]; *Laureano v Louzoun*, 165 AD2d 866, 866 [1990]). Accordingly, the defendant established, prima facie, that any lack of lighting in the kitchen was not a proximate cause of the infant plaintiff's injuries (*see Horn v Hires*, 84 AD3d at 1025-1026; *Wells v Finnegan*, 177 AD2d at 894; *Laureano v Louzoun*, 165 AD2d at 866; *see generally Funk v United Parcel Serv., Inc.*, 73 AD3d 851, 852 [2010]; *Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Horn v Hires*, 84 AD3d 1025 [2011]; *Wells v Finnegan*, 177 AD2d 893 [1991]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Eng, P.J., Mastro, Roman and Miller, JJ., concur.