Ponomareva v 1439 Realty, LLC (2020 NY Slip Op 05959)





Ponomareva v 1439 Realty, LLC


2020 NY Slip Op 05959


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-09596
 (Index No. 2816/11)

[*1]Lioudmila Ponomareva, etc., et al., appellants,
v 1439 Realty, LLC, et al., respondents, et al., defendant (and a third-party action).


Law Office of Tanya Gendelman, P.C., Brooklyn, NY (Robert T. Bean of counsel), for appellants.
Lewis, Brisbois, Bisgaard & Smith, LLP, New York, NY (Nicholas Hurzeler and Matthew P. Cueter of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated July 31, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants 1439 Realty, LLC, 2003 Realty, LLC, Lilmor Management, LLC, and Morris Lieberman which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2009, Igor Morsi, also known as Igor Ponomarev (hereinafter the decedent), was killed in an apartment fire. Thereafter, the decedent's mother, the plaintiff Lioudmila Ponomareva, and his stepfather, the plaintiff Ronnie Morsi, as the co-administrators of his estate, commenced this action against, among others, 1439 Realty, LLC, 2003 Realty, LLC, Lilmor Management, LLC, and Morris Lieberman (hereinafter collectively the defendants). The defendants were the owner and managers of the apartment building where the fire occurred. The plaintiffs alleged that the fire was caused by the defendants' negligence in maintaining the apartment and its electrical system. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the defendants' motion, and the plaintiffs appeal.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a fire incident report from the New York City Fire Department (hereinafter FDNY) and the deposition testimony of three investigating fire marshals (see Andrews v New York City Hous. Auth., 66 AD3d 619, 619; see also Mirdita v Musovic Realty Corp., 171 AD3d 662, 662; Delgado v New York City Hous. Auth., 51 AD3d 570, 571), as well as the affidavit and report of one of the fire investigators hired by the defendants (see Cambridge Mut. Fire Ins. Co. v P.O.B. Elec., Inc., 164 AD3d 642, 642). The fire marshals determined that the cause of the fire was a portable electric heater that ignited combustible material. One of the defendants' fire investigators, Thomas P. Borchick, a former FDNY fire marshal, concluded that if the electric heater was powered on and came into contact with ordinary combustibles, a fire could have occurred. The [*2]fire marshals also determined that the electrical outlets were not the cause of the fire. Borchick noted that there was no evidence of arcing, melting, beading, or any other hallmark of an electrical fire, and opined that the fire was not electrical in nature.
In opposition, the plaintiffs failed to raise a triable issue of fact. While the defendants are incorrect that the reports of the plaintiffs' experts, a professional engineer and an electrical engineer, were inadmissible because they are not certified fire investigators (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 42-43; Daly v 9 E. 36th LLC, 153 AD3d 1145, 1146), they are correct that the reports failed to raise a triable issue of fact because they are conclusory, speculative, and not supported by facts in the record (see Ippolito v Consolidated Edison of N.Y., Inc., 177 AD3d 715, 719-720; Lopez v Retail Prop. Trust, 118 AD3d 676, 676). Furthermore, the plaintiffs' experts' reports failed to address specific assertions made by the defendants' expert, such as the fact that there was no evidence of arcing, melting, beading, or any other hallmark of an electrical fire. Accordingly, the plaintiffs' experts failed to raise a triable issue of fact as to the cause of the fire (see Kerrins v S. Nassau Communities Hosp., 148 AD3d 795, 796).
Contrary to the plaintiffs' contention, the fire and the decedent's injuries were not a foreseeable result of the defendants' alleged failure to provide heat (see Horn v Hines, 84 AD3d 1025, 1025; Laureano v Louzoun, 165 AD2d 866, 867).
The plaintiffs' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court