■ HELEN A. STONE, Appellant, v ROBERT GORDON et al., Respondents. [621 NYS2d 220] —Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 30, 1993 in Washington County, which granted defendants' motion to dismiss the second, third and fourth causes of action of the complaint and denied plaintiff's motion to amend the ad damnum clause of the complaint.

The first cause of action in plaintiff's complaint seeks to recover $400,000 in personal injury damages and $100,000 in punitive damages for defendants' negligence, gross negligence and/or willful misconduct in the maintenance of a stairway in their apartment house on which plaintiff, a tenant, slipped and fell. The third cause of action, which is the only one at issue on this appeal, alleges that defendants breached the implied warranty of habitability and seeks $500,000 in damages. Plaintiff does not dispute defendants' assertion that the compensatory damages sought in the third cause of action are essentially the same as those which she seeks to recover in the first cause of action. The implied warranty of habitability provisions of Real Property Law § 235-b were not intended to create an alternative remedy to recover damages for personal injuries that are recoverable in a negligence action *(see, Carpenter v Smith, 191 AD2d 1036)*. "[T]he proper measure of damages for breach of the warranty is the difference between

the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach" *(Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329, *cert denied* 444 US 992).

Plaintiff contends that any defect regarding the measure of damages for the third cause of action was cured by the proposed amended complaint, which included a claim for diminution in rental value. According to plaintiff, Supreme Court should have granted her motion to amend the complaint pursuant to CPLR 3025 (b) and, based upon the amended complaint, defendants' motion to dismiss the third cause of action should have been denied. We disagree.

The proposed amendment does not seek to replace the measure of damages for the alleged breach of the implied warranty of habitability. The third cause of action in the proposed amended complaint still refers to plaintiff being damaged in the sum of $500,000. All the proposed amendment does is add to the ad damnum clause a phrase which requests $4,900 for diminution in rental value as an alternative to the $500,000 in compensatory damages. Moreover, plaintiff made no evidentiary showing that her claim of $4,900 in diminution in rental value can be supported *(see, Mathiesen v Mead,* 168 AD2d 736, 737). In these circumstances, we see no basis to disturb Supreme Court's order.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.