(August 24, 1998)

■ ISSAC BARRAGAN, an Infant, by His Mother and Natural Guardian, PATRICIA BARRAGAN, Respondents, v AMOS MATHAI et al., Appellants. [677 NYS2d 157] —In an action to recover damages for personal injuries, breach of a lease, and breach of warranty of habitability, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated July 2, 1997, as denied those branches of their motion which were for summary judgment dismissing the plaintiffs' causes of action to recover damages for breach of a lease and breach of warranty of habitability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' causes of action to recover damages for breach of a lease and breach of warranty of habitability are granted, and the complaint is dismissed.

The plaintiff Patricia Barragan leased an apartment from the defendants. For approximately eight months prior to January 30, 1994, the rear bedroom of the apartment had a leak. On that day, Barragan was carrying a bucket of water, which had filled from the leak, when she lost her balance and fell. She did not slip on any water. At the time of this accident, Barragan was six months pregnant. The infant plaintiff was born prematurely, allegedly as a result of Barragan's fall. The Supreme Court granted the defendants' motion for summary judgment to the extent of dismissing the plaintiffs' cause of action predicated on negligence, finding that the defendants' failure to repair the leak was not a proximate cause of the plaintiffs' injuries, and the plaintiffs have not appealed this part of the order. However, the court denied those branches of the defendants' motion which were for summary judgment on the plaintiffs' causes of action alleging breach of a lease and breach of warranty of habitability. We reverse.

The plaintiffs' verified complaint and verified bill of particulars make clear that they are seeking damages solely with regard to personal injuries. However, as the Supreme Court properly found with regard to the plaintiffs' negligence claim, the defendants' actions, whether they allegedly constitute negligence, breach of a lease, or breach of warranty of habitability, were not a proximate cause of the plaintiffs' alleged injuries, and the defendants were, therefore, entitled to judgment as a matter of law on all causes of action pleaded by the plaintiffs (*see, Martinez v Lazaroff,* 48 NY2d 819; *Gomez v City of New York,* 249 AD2d 362; *Abreu v Stratford Realty Assocs.,* 208 AD2d 465; *Laureano v Louzoun,* 165 AD2d 866, 867). Additionally, a warranty of habitability claim is not an alternative cause of action to recover damages for personal injuries (*see, Stone v Gordon,* 211 AD2d 881; *Carpenter v Smith,* 191 AD2d 1036). Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.