■ RICARDO TORRES et al., Respondents-Appellants, v WEST STREET REALTY COMPANY et al., Appellants-Respondents. WEST STREET REALTY COMPANY et al., Third-Party Plaintiffs, v TOBIN HOME FASHIONS, INC., Third-Party Defendant, and APARTMENT FURNITURE RENTALS ASSOCIATES, Third-Party Defendant-Appellant-Respondent. [800 NYS2d 683]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about February 4, 2004, which, insofar as it denied the motions of defendant West Street Realty Company and its partners, Frank Carrano, Blanche Goldberg and Jeanette Sherkin (West Street) and third-party defendant Apartment Furniture Rentals (Rentals) for summary judgment dismissing plaintiffs' negligence claims, unanimously reversed, on the law, without costs or disbursements, the motions for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

West Street leased a warehouse to Rentals pursuant to a lease requiring the lessor to build four interior loading docks and modify another in accordance with the general requirements of Rentals. West Street hired and paid a contractor to do the work. Under the lease, other than specified repairs to the electric, plumbing, sprinkler and heating systems and roof, as well as structural repairs to the exterior walls, foundation and steel framing, Rentals was responsible for the repair and maintenance of the premises. West Street also had the right of entry for the purpose of inspection, repairs, compliance with governmental orders and showing the premises to prospective buyers or tenants. Article 48 of the lease ("Owner's Liability") provided, in part: "Except by reason of their willful misfeasance or gross negligence, Owner . . . shall not be liable to Tenant, Tenant's agent and employees . . . for any injury to person . . . because of failure to repair, defect in, or failure of, equipment, . . . or by . . . water, snow, ice . . . leaking, escaping or flowing into the Demised Premises."

Plaintiff Ricardo Torres, employed by Rentals as a truck driver, alleges that on the snowy morning of February 4, 1995, after retrieving his 24-foot truck from an outdoor parking lot and clearing snow from its windshield and mirrors, he drove to Rentals' warehouse and backed the truck, the top of which was still covered with snow, into indoor loading bay number 2. The loading dock was recessed and completely within the premises. The docking bay sloped downward so that when a truck is fully backed in, its rear would be at the same level as the platform

and its front higher. As a result of this configuration, once the snow on top of the truck began to melt in the heated warehouse, it slid off the back of the truck and onto the platform. When the plaintiff returned to the loading platform, after loading his truck and getting the necessary paperwork, he slipped on the slush and water that had accumulated on the dock, causing him to fall to the concrete floor and to sustain multiple fractures. Although a wet condition existed on the dock every time it snowed, he never complained to anyone on the day of the accident or at any time before. Nor did he clean the loading dock on the day of the accident. He had no trouble with the lighting conditions in the loading dock area. West Street did not have offices in the warehouse, and once Rentals took possession, West Street never inspected or entered the premises to perform maintenance or repairs; on occasion, a representative went there to collect rent. Rentals was responsible for the removal of water, snow and ice from the loading dock. West Street never received any complaints with respect to snow, ice or water on the dock or inadequate lighting.

In this personal injury action, plaintiffs asserted causes of action based on negligence and Labor Law violations. West Street answered and impleaded Rentals, seeking common-law/contractual indemnification or contribution. In opposition to West Street's and Rentals' motions for summary judgment, plaintiffs submitted an affidavit from an expert who asserted that the loading docks were defectively designed and dangerous due to the absence of a textured, nonslip, safety surface running along the edge of the dock platform. The expert further cited the absence of a floor surface drainage system/runoff on the dock, and of rubberized flaps above the entrance to the warehouse that would have brushed snow off the tops of the trucks entering the dock before the snow could melt and fall off the truck onto the dock platform.

Supreme Court dismissed plaintiffs' Labor Law § 240 (1) and § 241 (6) claims on the ground that the driver was not engaged in a protected activity. Although finding that West Street was an out-of-possession landlord, that Rentals had assumed responsibility for maintenance of the loading dock, including the removal of snow and ice, and that West Street had no notice of the wet condition complained of, the court denied summary dismissal of the negligence claims because plaintiffs' expert witness demonstrated that West Street had created the hazardous snow/water condition that led to the accident by reason of faulty design and construction of the loading dock. It further found that West Street's challenge to the sufficiency and validity of

the expert's report merely created an issue of fact. The motions for summary judgment dismissing the complaint should have been granted.

On this record, there can be no valid argument that West Street, an out-of-possession landlord, had actual notice of the allegedly slippery condition of the loading platform. As to constructive notice, "It is well settled that an out-of-possession owner who retained the right to reenter the premises for repairs and inspections cannot be held liable under a theory of constructive notice in the absence of 'a significant structural or design defect that is contrary to ·a specific statutory safety provision' " (*McDonald v Riverbay Corp.*, 308 AD2d 345, 346 [2003]; *see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp.*, 299 AD2d 230 [2002]). While plaintiffs' expert claims that "[d]ue to the angle of the sloped driveway, snow slid from the top of [plaintiff's] truck to the loading dock, melted and became a mixture of water and snow," and that flaps could have wiped snow off the truck before the truck entered the dock, he does not state that it was improper to design a ramp on a downward slope, that the angle of the slope was excessive, or that the construction of the ramp on a downward slope violated any statute or constituted a significant structural defect. Nor does he state that the absence of a nonslip border and drainage system violated any statute or significantly affected the structural integrity of the loading docks. Thus, constructive notice of a defective condition has not been shown (*see Nunez v Alfred Bleyer & Co.*, 304 AD2d 734 [2003]).

While liability may attach to an out-of-possession owner who has affirmatively created a dangerous condition or defect (*see Stickles v Fuller*, 9 AD3d 599 [2004]), the claims of plaintiffs' expert do not create an issue of fact in that respect. As noted, his assertions as to the angle of the sloped driveway notwithstanding, no statutory violation or significant structural defect is stated. While the expert contends that the platform should have been designed to include a nonslip border and drainage, he fails to indicate what engineering protocols and methods he used to arrive at the normative conclusions reached. Not a single Building Code violation is cited. In failing to state these standards and methods, the expert appears to rely solely on his status as a civil engineer. This is insufficient to show negligence in the design or construction (*see Bullock v Anthony Equities, Ltd.*, 12 AD3d 326 [2004]). Thus, there has been no showing that West Street created a dangerous condition on the loading dock. Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Sullivan, JJ.