DENIZ EFE UTKAN, Respondent, v JENINA SZUWALA et al., Appellants. [875 NYS2d 510]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated January 11, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the defendants' motion for summary judgment dismissing the complaint is granted.

This action was commenced to recover damages for personal injuries after the infant plaintiff allegedly was burned by an exposed radiator in an apartment owned by the defendants. The complaint alleged that the defendants were aware that the infant plaintiff was in the apartment, that his mother had complained on prior occasions about the infant plaintiff being burned by the radiator, and that she had requested radiator covers. The defendants moved to dismiss the complaint pursuant to *Rivera v Nelson Realty, LLC* (7 NY3d 530 [2006]). The Supreme Court denied the motion. We reverse.

In *Rivera v Nelson Realty, LLC* (7 NY3d at 532), which was decided on analogous facts, the Court of Appeals held that "the landlord of a home where children live does not have a common-law or other duty to provide or install radiator covers." The Court reasoned as follows: "Plaintiffs do not claim that the radiator that injured [the infant plaintiff] needed repair, or was defective in any way. Plaintiffs' claim is that an uncovered radiator in good working order, though not a hazard in a home occupied only by adults, is dangerous to children. No duty to remedy this alleged hazard is imposed by the Multiple Dwelling Law or arises under common law by virtue of the lease. Accordingly, any duty to protect children from uncovered radiators remains that of the tenant, unless some other statute or regulation imposes it on the landlord. The decision whether radiator covers must be supplied by landlords is thus left to legislators and regulators, who are in the best position to balance the harm prevented by this safety measure against its cost—a cost which, if imposed on landlords, becomes part of the overall cost of rental housing." (*Rivera v Nelson Realty, LLC*, 7 NY3d at 535-536 [citations omitted].) Here, the plaintiff does not argue that any statute or regulation imposes a duty on the defendants to protect children from uncovered radiators. Rather, it is argued that *Rivera* may be distinguished because the lease here contains a provision warranting that the premises were "fit for habitation" and that there were "no conditions dangerous to health, life or safety." However, the lease provision cited merely tracks the language of Real Property Law § 235-b, the breach of which does not provide an alternative cause of action to recover damages for personal injuries (*see Barragan v Mathai*, 253 AD2d 508 [1998]; *Stone v Gordon*, 211 AD2d 881 [1995]). Thus, the provision does not provide a viable basis to distinguish *Rivera*. Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Spolzino, J.P., Ritter, Miller and Balkin, JJ., concur.