■ Utica Mutual Insurance Company, as Subrogee of Ares Printing & Packaging Corp., Appellant, v Brooklyn Navy Yard Development Corp. et al., Respondents, et al., Defendant. [921 NYS2d 287]—

In a subrogation action to recover damages for injury to property and breach of contract, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated September 18, 2009, as granted that branch of the motion of the defendants Brooklyn Navy Yard Development Corp. and the City of New York which was for leave to reargue their prior motion for summary judgment dismissing the complaint insofar as asserted against them, and, upon reargument, in effect, vacated the original determination in an order of the same court dated March 27, 2009, denying that motion as untimely, and thereupon adjourned the motion for oral argument, and (2) an order of the same court dated

October 5, 2009, which granted the motion of the defendants Brooklyn Navy Yard Development Corp. and the City of New York for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated September 18, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 5, 2009, is reversed, on the law, and the motion of the defendants Brooklyn Navy Yard Development Corp. and the City of New York for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On a prior appeal in this action from so much of an order as granted the motion of the defendants Brooklyn Navy Yard Development Corp. and the City of New York (hereinafter together the defendants) for summary judgment dismissing the complaint insofar as asserted against them, this Court reversed that portion of the order. This Court determined that the defendants failed to meet their prima facie burden of establishing that, under the circumstances of this case, the antisubrogation doctrine barred this action (see *Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp.*, 52 AD3d 821 [2008]). The defendants had also moved for summary judgment on the alternate ground that there was no evidence to show that they were negligent. However, in light of its determination in connection with, the antisubrogation doctrine, the Supreme Court did not reach the issue pertaining to the defendants' alleged negligence. On the prior appeal, this Court also did not reach this issue of the defendants' alleged negligence (*id.*).

Before the Supreme Court, the defendants again moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that based upon their status as out-of-possession landlords, they could not be negligent under the circumstances of this case. The Supreme Court denied the defendants' motion as untimely. Specifically, the court determined that the defendants failed to file their motion within the requisite time period, which, it concluded, began to run on July 3, 2008, when this Court's decision and order in the prior appeal was filed in the office of the Kings County Clerk. The defendants moved, inter alia, for leave to reargue their motion for summary judgment.

In the first order appealed from, dated September 18, 2009, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for leave to reargue their motion for summary judgment and, upon reargument, determined that

the defendants' motion for summary judgment was timely filed, and scheduled oral argument on that motion. The court stated that, contrary to its prior determination, the period within which the defendants were required to file their motion began to run not on the date on which this Court's decision and order was filed in the office of the Kings County Clerk, but rather on October 24, 2008, the date on which the case was restored to the active calendar.

In the second order appealed from, dated October 5, 2009, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The court concluded that the defendants established, prima facie, that they were out-of-possession landlords with no duty to maintain the premises or make repairs under the circumstances of this case. The court further concluded that, in opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court correctly determined that the time within which the defendants could timely file their summary judgment motion began to run on October 24, 2008, the date on which the case was restored to the active calendar (*cf. Lebreton v New York City Tr. Auth.*, 267 AD2d 211 [1999]). Accordingly, the Supreme Court correctly determined, upon reargument, that the defendants' motion, filed on or about November 13, 2008, was timely.

However, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. While "[a]n out-of-possession landlord is generally not responsible for injuries that occur on its premises unless it has retained control over the premises or is contractually obligated to maintain or repair the alleged hazard" (*Kane v Port Auth. of N.Y. & N.J.*, 49 AD3d 503, 503 [2008]; *see Couluris v Harbor Boat Realty, Inc.*, 31 AD3d 686 [2006]; *Knipfing v V&J, Inc.*, 8 AD3d 628, 628-629 [2004]), "liability may attach to an out-of-possession owner who has affirmatively created a dangerous condition or defect" (*Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005]; *see Bleiberg v City of New York*, 43 AD3d 969, 971 [2007]; *Stickles v Fuller*, 9 AD3d 599, 600 [2004]). Here, the defendants failed to meet their prima facie burden of establishing, as a matter of law, that the defendant Brooklyn Navy Yard Development Corp. (hereinafter BNYDC) did not create the defect that caused the flood at issue (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While the amended complaint alleged only that BNYDC was aware of water pressure problems within the plumbing

system, and that BNYDC and the City negligently maintained the pipes, the plaintiff alleged in the bill of particulars that the defendants created the condition by "defectively install[ing]" the "fifth floor piping." This allegation was in no way refuted by the defendants in their submissions in support of their motion. Since the defendants did not meet their initial burden as the movants, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.