# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

267
CA 11-01303
PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

ERNEST SINGLETON, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF HIS MINOR DAUGHTER,
ESSENCE SINGLETON, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

CAROL GIBSON, AS EXECUTRIX OF THE ESTATE OF
MASON LEWIS, DECEASED, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered January 6, 2011 in a personal injury action. The order granted the motion of defendant Carol Gibson, as executrix of the estate of Mason Lewis, deceased, for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of his infant daughter, seeking damages for third degree burns sustained by his daughter when her lower back came into contact with a hot radiator pipe in an apartment owned by Mason Lewis "and/or" his estate (hereafter, decedent). Carol Gibson (defendant) is the executrix of decedent's estate, and the apartment was leased to plaintiff's wife. The accident occurred in an upstairs bedroom when the child, who was then 13 months old, fell from a mattress while sleeping. According to plaintiff, the child apparently rolled into a pipe that was uninsulated and was attached to a steam radiator in the room. The bill of particulars alleges that decedent was negligent in "allowing extremely hot pipes to be exposed and uninsulated," thereby subjecting tenants to a significant risk of "burn injuries." Following discovery, defendant moved for summary judgment dismissing the complaint and any cross claims against her, as executrix of decedent's estate, and Supreme Court granted the motion. We affirm.

As a general rule, "a landlord is not liable to a tenant for dangerous conditions on the leased premises, unless a duty to repair

the premises is imposed by statute, by regulation or by contract"
(*Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534).  Here, there was no
such duty set forth in the lease signed by plaintiff's wife, and
plaintiff cites no statute or regulation imposing a duty upon
landlords to protect tenants from exposed radiator pipes.  Plaintiff's
reliance on *Hughes v Concourse Residence Corp.* (62 AD3d 463) is
misplaced, inasmuch as in that case the landlord had a duty under the
Administrative Code of the City of New York to insulate pipes carrying
steam or water exceeding 165 degrees.  There is no such regulation in
the City of Rochester, where the leased apartment is located.  Thus,
in the absence of a statute, regulation or contractual provision
requiring a landlord to repair the leased premises, decedent's estate
cannot be held liable in negligence for the child's injuries (*see
Rivera*, 7 NY3d at 536-537; *Isaacs v West 34th Apts. Corp.*, 36 AD3d
414, *lv denied* 8 NY3d 810).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court