Defendant established its entitlement to judgment as a matter of law, in this action where plaintiff Jose Rodriguez was injured when he slipped and fell on a patch of ice while he was working on property owned by defendant and leased by his employer, an automobile dealership. Defendant demonstrated that pursuant to the subject lease agreement, plaintiff’s employer was required to repair and maintain the property (see Babich v R.G.T. Rest. Corp., 75 AD3d 439, 440 [1st Dept 2010]). Defendant also showed that it did not create the icy condition, which plaintiff alleges was due to an inadequate drain in a parking lot. Defendant submitted the deposition testimony of its treasurer, who stated that the tenant before plaintiffs employer had converted the property from a supermarket to an auto dealership and that in the time that he has acted as defendant’s *484 treasurer, he did not recall paying a bill for a contractor to make a structural repair to the premises.
In opposition, plaintiff failed to raise a triable issue of fact. The affidavit from his expert did not raise an issue as to constructive notice, because the expert did not set forth how the drain at issue was structurally defective, and did not identify any specific statutory provision that was purportedly violated, or that such a violation was a proximate cause of the accident (see Torres v West St. Realty Co., 21 AD3d 718, 721 [1st Dept 2005], lv denied 7 NY3d 703 [2006]). Moreover, the expert’s affidavit fails to indicate what methods were used to arrive at the conclusions reached, and he appears to rely solely on his status as a civil engineer, which is not sufficient to show negligence in the design or construction of the grate (id.).
Contrary to plaintiffs contention, the arguments raised in defendant’s reply papers were properly made. The deposition testimony of its treasurer was attached to its motion for summary judgment and the arguments addressed plaintiffs contentions made in opposition to the motion (see Azzopardi v American Blower Corp., 192 AD2d 453, 454 [1st Dept 1993]). Concur — Mazzarelli, J.P., Friedman, DeGrasse, Richter and ManzanetDaniels, JJ.