GLADYS ROTHSTEIN, Respondent, v TEMPLE BETH ELOHIM, Respondent, and DEL-MIR CATERERS, Appellant. [20 NYS3d 151]—

In an action to recover damages for personal injuries, the defendant Del-Mir Caterers appeals, as limited by its brief, from so much of an amended order of the Supreme Court, Nassau County (Bruno, J.), entered September 22, 2014, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted that branch of the cross motion of the defendant Temple Beth Elohim which was for summary judgment dismissing its cross claims against that defendant.

Ordered that the appeal from so much of the amended order as granted that branch of the cross motion of the defendant Temple Beth Elohim which was for summary judgment dismissing the cross claims of the defendant Del-Mir Caterers is dismissed as academic in light of our determination of the appeal from so much of the amended order as denied that branch of the motion of the defendant Del-Mir Caterers which was for summary judgment dismissing the complaint insofar as asserted against it; and it is further,

Ordered that the amended order is reversed insofar as reviewed, on the law, and the motion of the defendant Del-Mir Caterers for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Del-Mir Caterers, payable by the plaintiff.

The plaintiff allegedly sustained personal injuries when she fell while descending a staircase inside the premises of the defendant Temple Beth Elohim (hereinafter the temple) during a bar mitzvah celebration. The defendant Del-Mir Caterers (hereinafter the caterer) had been hired to provide catering services for the event. The plaintiff alleged, inter alia, that the tablecloth on a table located near the staircase was partially covering the last step of the staircase, and that this condition caused her to fall.

The plaintiff commenced this action against the defendants. The caterer moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that as an independent contractor providing limited

catering services, it owed no duty of care to the plaintiff. The temple cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court denied the ·caterer's motion and granted the temple's cross motion.

"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]; *see Frenchman v Lynch*, 97 AD3d 632, 633 [2012]). Exceptions to this general rule exist "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [citations and internal quotation marks omitted]). "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *see Javid v Sclafmore Constr.*, 117 AD3d 907, 907-908 [2014]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1004-1005 [2011]).

Here, based upon the plaintiff's pleadings, the caterer established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by coming forward with proof that the plaintiff was not a party to its limited catering service agreement with the hosts of the event (*see Glover v John Tyler Enters., Inc.*, 123 AD3d 882 [2014]; *Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 810-811 [2013]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the caterer "launched . . . [an] instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 167-168 [1928]; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 142). Accordingly, the Supreme Court should have granted the caterer's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In light of our determination, the caterer's appeal from the portion of the order granting that branch of the temple's cross motion which was for summary judgment dismissing its cross claims against it has been rendered academic. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.