■ Israel Calderon, Appellant, v 88-16 Northern Blvd, LLC, Defendant/Third-Party Plaintiff-Respondent, and JT Queens Carwash, Inc., Third-Party Defendant-Respondent. [24 NYS3d 135]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered October 8, 2013, as granted that branch of the defendant/third-party plaintiff's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant/third-party plaintiff's motion which was for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured while working as a carwash attendant at a carwash operated by the third-party defendant, JT Queens Carwash, Inc. The property where the carwash was located was owned by the defendant/third-party plaintiff, 88-16 Northern Blvd, LLC (hereinafter 88-16). At the time of the accident, the plaintiff was drying a vehicle in the carwash parking lot when a coworker driving another vehicle struck him. As a result, the plaintiff was pinned between the two vehicles, and his left leg had to be amputated.

The plaintiff commenced this action against 88-16, alleging that 88-16 caused or created a hazardous condition in the carwash parking lot by erecting a fence that reduced the size of the parking lot and the amount of space that vehicles had to maneuver. 88-16 moved, inter alia, for summary judgment dismissing the complaint, and the Supreme Court granted that branch of the motion.

"While the ultimate burden of proof at trial will fall upon the plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (*Collado v Jiacono*, 126 AD3d 927, 928 [2015]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). 88-16 failed to establish its prima facie entitlement to judgment as a matter of law. While an out-of-possession landowner is generally not responsible for injuries that occur on its premises unless the landowner has retained control over the premises and is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct (*see Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d 546 [2014]; *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852 [2014]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]), " 'liability may attach to an out-of-possession owner who has affirmatively created a dangerous condition or defect' " (*Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp.*, 83 AD3d 817,

819 [2011], quoting *Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005]; *see Bleiberg v City of New York*, 43 AD3d 969, 971 [2007]). The evidence which 88-16 submitted in support of its motion failed to demonstrate, prima facie, that it did not cause or create a hazardous condition by erecting the fence, or that the placement of the fence did not cause or contribute to the plaintiff's accident. 88-16's expert affidavit was conclusory, failed to cite to any specific Administrative Code or Building Code provisions, and was insufficient to establish that the placement of the subject fence did not create a hazardous condition (*see Green v City of New York*, 76 AD3d 508, 509 [2010]; *Berkeley v Rensselaer Polytechnic Inst.*, 289 AD2d 690, 691-692 [2001]; *see also Bohan v F.R.P. Sheet Metal Contr. Corp.*, 58 AD3d 781 [2009]; *Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522, 523 [2005]).

Since 88-16 did not sustain its prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court erred in granting that branch of 88-16's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.