■ KEVIN GOWEN, Respondent, v GABRIELLE REALTY HOLDINGS, LLC, Appellant. [33 NYS3d 431]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 20, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he came into contact with an exposed radiator in an apartment owned by the defendant. The plaintiff commenced this action alleging that the defendant was negligent in causing the radiator to become and remain in a defective, broken, and overheated condition, and in providing an "uncovered" radiator. The defendant moved for

summary judgment dismissing the complaint. The Supreme Court denied the motion.

"[A]n out-of-possession landowner is generally not responsible for injuries that occur on its premises unless the landowner has retained control over the premises and is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Calderon v 88-16 N. Blvd, LLC*, 135 AD3d 681, 682 [2016]; *see Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d 546, 547 [2014]; *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852 [2014]). However, " 'liability may attach to an out-of-possession owner who has affirmatively created a dangerous condition or defect' " (*Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp.*, 83 AD3d 817, 819 [2011], quoting *Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005]; *see Calderon v 88-16 N. Blvd, LLC*, 135 AD3d at 682-683).

Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. Although the defendant demonstrated that it did not owe a duty to provide the plaintiff with a radiator cover (*see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 532 [2006]; *Singleton v Gibson*, 93 AD3d 1301, 1302 [2012]; *Utkan v Szuwala*, 60 AD3d 755, 756 [2009]; *Rodriguez v City of New York*, 20 AD3d 327, 328 [2005]), the defendant failed to establish that it did not cause the radiator to become and remain in a defective, broken, and overheated condition. Thus, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.