Bartels v Eack (2018 NY Slip Op 05995)





Bartels v Eack


2018 NY Slip Op 05995


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-00094
 (Index No. 6515/15)

[*1]Robert Bartels, appellant, 
v
Edward Eack, et al., respondents.


Peter D. Barlet, Warwick, NY, for appellant.
Cabaniss Casey LLP, Albany, NY (Brian D. Casey of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 9, 2016. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action are denied.
The plaintiff leased residential property in Sullivan County from the defendants pursuant to a short-term lease. The plaintiff allegedly sustained personal injuries after slipping and falling on an icy condition in the driveway area adjoining the entrance door. The plaintiff commenced this action, inter alia, to recover damages for his personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing that they were out-of-possession landlords and the plaintiff had the sole responsibility for snow and ice removal. The Supreme Court granted the defendants' motion, and the plaintiff appeals, arguing that the court erred in dismissing the first and second causes of action, which sounded in negligence.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Gronski v County of Monroe, 18 NY3d 374, 380-381; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Casson v McConnell, 148 AD3d 863, 864). Here, there was no statute imposing a duty on the defendants to maintain the premises in a reasonably safe condition. The defendants also demonstrated that the parties agreed that the plaintiff would be responsible for snow and ice removal and that the plaintiff actually undertook to conduct snow and ice removal. We agree with the Supreme Court's determination to disregard the plaintiff's averment in opposition that no such agreement was reached as an attempt to avoid the consequences of his earlier deposition testimony by raising what clearly appeared to be a feigned issue of fact (see Lesaldo v Dabas, 140 AD3d 708, 710; Israel v Fairharbor Owners, Inc., 20 AD3d 392). Accordingly, we also agree with the court's determination that the defendants had no duty to conduct snow and ice removal from the [*2]driveway area, and, to the extent the plaintiff's injuries were caused by negligent snow and ice removal, the defendants could not be held liable therefor (see Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d 688, 689; Festa v Waskawic, 181 AD2d 758, 759).
However, the complaint and bill of particulars alleged that the plaintiff's accident was caused by, among other things, the defective condition of the drainage system, which was installed and not properly maintained by the defendants. The plaintiff alleges that the drainage system was not upgraded for winter use and did not properly divert water away from the only safe entryway to the home. The prima facie showing that a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings (see McManus v Klein, 136 AD3d 700, 701; Rothstein v Temple Beth Elohim, 133 AD3d 839, 840). Even in the absence of a duty to repair an allegedly defective condition, liability may attach to an out-of-possession landlord who has affirmatively created a dangerous condition or defect (see Calderon v 88-16 N. Blvd, LLC, 135 AD3d 681, 682; Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 83 AD3d 817, 819). The defendants did not dispute that they installed the drainage system.
Moreover, the defendants failed to establish that they did not have a duty to repair a defective condition in the drainage system. The lease obligated the plaintiff to maintain the premises in the same condition as when it was rented, not to repair any already existing defective conditions, and "to advise landlord of any problems which may occur at premises in a timely fashion as to avoid damage to house or grounds." Although the lease contained a provision purporting to hold the defendants harmless from any liability pertaining to the premises, a lease provision which purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable (see General Obligations Law § 5-321; Ben Lee Distribs., Inc. v Halstead Harrison Partnership, 72 AD3d 715, 716). Further, the parties' course of conduct, including the defendant Edward Eack replacing a broken appliance and checking on the condition of the premises often during the leasehold, shows that the defendants did not, in fact, surrender control over the property such that their duty with respect to the drainage system was extinguished as a matter of law (see Gronski v County of Monroe, 18 NY3d at 380-381; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18). This was a short-term lease of property which the defendants intended to sell and then did sell a few months after the plaintiff's accident. The defendants failed to establish that the plaintiff had the authority, much less the duty, to revamp the entire drainage system on the property.
The defendants met their prima facie burden on those branches of their motion which were for summary judgment dismissing the first and second causes of action by submitting evidence that the drainage system was not defective and that the icy condition of the driveway was caused solely by negligent snow and ice removal. In opposition, however, the plaintiff raised triable issues of fact as to whether the drainage system was defective and, if so, whether such defect contributed to his accident (see generally Schmidt v DiPerno, 25 AD3d 545, 546; Mondello v DiStefano, 16 AD3d 637, 638-639). The court should have considered the affidavits of the plaintiff and his former wife, in which they averred that the icy condition on the driveway could not be ameliorated by snowplowing and their daily efforts at salting, sanding, and ashing the driveway, as those averments were consistent with the plaintiff's deposition testimony (cf. Lesaldo v Dabas, 140 AD3d 708, 710). The court also should have considered the affidavit of the plaintiff's expert, in which he stated that defective conditions in the property's drainage system made the driveway area near the entrance prone to the pooling and freezing of water from the roof and surrounding lawn areas. Contrary to the court's determination, there is no requirement that a plaintiff establish the violation of a specific statutory provision where the duty to repair a defective condition is assumed by the landlord by contract or course of conduct (see Gronski v County of Monroe, 18 NY3d at 380-381; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18).
Accordingly, there are triable issues of fact as to whether the plaintiff's accident was caused, at least in part, by the defendants' alleged affirmative creation of, or failure to rectify, a defective condition of the drainage system which the defendants had the duty to rectify. Thus, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court