Sawicka v Schwimmer (2020 NY Slip Op 05790)





Sawicka v Schwimmer


2020 NY Slip Op 05790


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-13343
 (Index No. 511508/14)

[*1]Alicja Sawicka, respondent, 
v
Pincus Schwimmer, appellant (and a third-party action).


Lester Schwab Katz & Dwyer, LLP (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for appellant.
The Platta Law Firm, PLLC, New York, NY (Brian J. Vannella of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 26, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for leave to amend her bill of particulars.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion for leave to amend her bill of particulars is denied as academic.
The plaintiff, an employee of the third-party defendant Perlmutter's Famous Kugel, Inc. (hereinafter PFK), allegedly was injured when she tripped and fell while ascending a flight of stairs located in a building owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries, alleging among other things, that the defendant was negligent in failing to maintain and repair the stairway, which allegedly was defective.
After the completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint, arguing that he was an out-of-possession landlord that did not create the defect, that he had no duty to maintain the premises or to repair the allegedly defective condition, and that even if he had a duty, he lacked actual or constructive notice of the defect. In support of his motion, the defendant relied upon his own deposition testimony and affidavit, and the deposition testimony of PFK's president, Pincus Perlmutter, to demonstrate that he relinquished possession and control of the premises pursuant to an oral lease agreement with PFK. In his affidavit, the defendant averred that the terms of the oral agreement required PFK to repair and maintain the premises, and that he retained no right of reentry.
In opposition to the defendant's motion, the plaintiff contended that the alleged oral lease violated the statute of frauds, and that, since the lease was not in writing, the defendant failed to meet his prima facie burden establishing that he was an out-of-possession landlord. The plaintiff [*2]contended that, even assuming a valid oral lease existed, the defendant failed to demonstrate, prima facie, that he did not have a duty to maintain the premises, or that he lacked constructive notice of the defect. The plaintiff also cross-moved for leave to amend her bill of particulars to include allegations that the stairway contained design defects in violation of former New York City building codes in effect at or around the time when the building was constructed in 1905.
The Supreme Court denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, finding that the defendant failed to demonstrate, prima facie, that he was an out-of-possession landlord pursuant to an oral lease, and granted the plaintiff's cross motion. The defendant appeals.
"Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (Gronski v County of Monroe, 18 NY3d 374, 379). However, an out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises "and has a duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Casson v McConnell, 148 AD3d 863, 864). Here, the defendant submitted a transcript of his own deposition testimony, his own affidavit, and a transcript of the deposition testimony of Perlmutter, which demonstrated, prima facie, that the defendant was an out-of-possession landlord who was not bound by contract or a course of conduct to maintain the premises (see Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946; Santos v 786 Flatbush Food Corp., 89 AD3d 828, 829).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, a defendant may establish, prima facie, that he or she was an out-of-possession landlord with evidence of the terms of an oral lease (see Hart v O'Brien, 72 AD3d 1257, 1258; McClenan v Brancato Iron & Fence Works, 282 AD2d 722, 722). The case relied upon by the Supreme Court, Ramirez v Saka (76 AD3d 673), is inapposite since the building at issue in that case was a single-family residence, and, as such, pursuant to Administrative Code of the City of New York § 27-2005, a written instrument was necessary to shift the burden of maintenance and repair from the owner to the tenant.
Furthermore, contrary to the plaintiff's contention, the statute of frauds (see General Obligations Law § 5-703) does not render the subject oral lease void. The oral agreement did not contemplate any specific lease term, let alone a term exceeding one year (see General Obligations Law § 5-703[1], [2]). The failure to state a term created an at-will tenancy (see Fisher v Queens Park Realty Corp., 41 AD2d 547, 549), which is not barred by the statute of frauds (see Wang Jia v Kang, 161 AD3d 463, 465).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and should have denied the plaintiff's cross motion for leave to amend her bill of particulars as academic.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court