Cintron v State of New York (2020 NY Slip Op 06486)





Cintron v State of New York


2020 NY Slip Op 06486


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02902

[*1]Ivette Cintron, appellant, 
v
State of New York, respondent. (Claim No. 125789)


Talisman & DeLorenz, P.C. (Shayne, Dachs, Sauer & Dachs, LLP, New York, NY [Jonathan A. Dachs], of counsel), for appellant.
London Fischer LLP, New York, NY (Cruz M. Williams of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated November 7, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the claim as alleged negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing so much of the claim as alleged negligence is denied.
The claimant allegedly was injured when a heavy metal trash receptacle fell from the wall of a public restroom in the Bear Mountain Inn, within Bear Mountain State Park. The claimant commenced this claim against the defendant, which owned the premises and leased it to a nonparty. The Court of Claims, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the claim as alleged negligence. The claimant appeals.
"While an out-of-possession landowner is generally not responsible for injuries that occur on its premises unless the landowner has retained control over the premises and is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct, liability may attach to an out-of-possession owner who has affirmatively created a dangerous condition or defect" (Calderon v 88-16 N. Blvd, LLC, 135 AD3d 681, 682 [citations and internal quotation marks omitted]). Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing so much of the claim as alleged negligence because it failed to submit evidence showing that the independent contractor that the defendant hired to renovate the subject restroom did not cause the alleged dangerous condition (see Boice v PCK Dev. Co., LLC, 121 AD3d 1246, 1248-1249; Stickles v Fuller, 9 AD3d 599, 600-601; Richardson v Schwager Assoc., 249 AD2d 531, 532; June v Zikakis Chevrolet, 199 AD2d 907, 909; Thomassen v J & K Diner, 152 AD2d 421).
Accordingly, the Court of Claims should have denied that branch of the defendant's motion which was for summary judgment dismissing so much of the claim as alleged negligence, without regard to the sufficiency of the claimant's opposition papers (see Winegrad v New York [*2]Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court