Betancourt v Burnside Mews Assoc., L.P. (2024 NY Slip Op 04803)

Betancourt v Burnside Mews Assoc., L.P.

2024 NY Slip Op 04803

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 21290/18E Appeal No. 2694 Case No. 2023-04527 

[*1]Rafael Betancourt, Plaintiff-Respondent,
v
Burnside Mews Associates, L.P., Defendant-Appellant, Kessler Realty Holdings, Inc., et al., Defendants.

Molod Sptiz & DeSantis, P.C., New York (Robert A. Von Hagen of counsel), for appellant.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 30, 2023, which, to the extent appealed from, upon renewal, denied the motion of defendant Burnside Mews Associates, L.P. (Burnside) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The court providently exercised its discretion in granting renewal (see Mejia v Nanni, 307 AD2d 870, 871 [1st Dept 2003]). However, upon renewal, the court should have granted Burnside summary judgment.
The lease made the tenant "responsible for the entire operation, management, maintenance and control of the . . . premises . . . except as otherwise provided." Burnside's maintenance responsibility was limited to repair of the facade, sidewalk, roof, and brick work. The parties' course of conduct was consistent with this division of responsibility, as Burnside submitted testimony showing that it had engaged work for the building's facade but not the interior. Accordingly, we find that Burnside was an out-of-possession landlord, even though it retained the right to enter the premises (see e.g. Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 420 [1st Dept 2011]; see also Desosa v Ortiz-Osorio, 227 AD3d 461, 461 [1st Dept 2024]). Gronski v County of Monroe (18 NY3d 374 [2011]), upon which plaintiff relies, is distinguishable because the owner there maintained a greater degree of control than Burnside did here.
As an out-of-possession landlord, Burnside "cannot be held liable under a theory of constructive notice in the absence of a significant structural or design defect that is contrary to a specific statutory safety provision" (Torres v West St. Realty Co., 21 AD3d 718, 721 [1st Dept 2005], lv denied 7 NY3d 703 [2006] [internal quotation marks omitted]). Plaintiff's expert failed to identify a violation of any applicable safety provision that proximately caused the accident.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024