Armstead v 123 Frost Assoc., L.P. (2025 NY Slip Op 02565)

Armstead v 123 Frost Assoc., L.P.

2025 NY Slip Op 02565

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-04121
 (Index No. 600908/20)

[*1]Anthony Armstead, appellant, 
v
123 Frost Associates, L.P., et al., respondents.

The Dearie Law Firm, P.C. (Heitz Legal, P.C., New York, NY [Dana E. Heitz], of counsel), for appellant.
Cariello Law Firm (Alex Temple and Kahana & Feld, LLP, New York, NY [Timothy R. Capowski, Christopher Theobalt, and Sarah Pavlini], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated March 9, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2019, during the course of his employment with Rentokil North America, Inc. (hereinafter Rentokil), the plaintiff allegedly slipped and fell as a result of liquid on the dock leveler of Rentokil's warehouse within the premises located at 123 Front Street in Westbury (hereinafter the subject premises). It is undisputed that at the time of the accident, Rentokil leased the warehouse from the owner of the subject premises, the defendant 123 Frost Associates, L.P. (hereinafter 123 Frost), of which the defendant Sanders Equities, LLC (hereinafter Sanders), was the managing agent.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained as a result of the subject incident. After joinder of issue and the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated March 9, 2023, the Supreme Court granted the motion. The plaintiff appeals.
Generally, an out-of-possession landlord and its agent are not liable for injuries caused by a dangerous condition on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to maintain or repair the premises on the landlord, or a course of conduct by the landlord giving rise to a duty to maintain or repair the premises (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Sawicka v Schwimmer, 187 AD3d 957, 958; Irizarry v Felice Realty Corp., 157 AD3d 874, 875; Gowen v Gabrielle Realty Holdings, LLC, 140 AD3d 929, 930; Calderon v 88-16 N. Blvd, LLC, 135 AD3d 681, 682). However, liability may attach to an out-of-possession landlord and its agent where they affirmatively created the alleged dangerous condition (see Cintron v State of New York, 188 AD3d 787, 788; Gowen v Gabrielle Realty Holdings, LLC, 140 AD3d at 930; Calderon v 88-16 N. Blvd, LLC, 135 AD3d at 682-683).
Here, the evidence submitted by the defendants in support of their motion for [*2]summary judgment demonstrated, prima facie, that 123 Frost was an out-of-possession landlord, that Sanders was its managing agent, and that the general New York State Property Maintenance and Building Code provisions and American Society for Testing and Materials standards did not constitute statutes imposing liability. The defendants further demonstrated that the lease agreement between 123 Frost and Rentokil placed responsibility on the latter to maintain the warehouse space, which included the subject dock leveler, in good and safe condition and to make all nonstructural repairs, and that the defendants did not, through a course of conduct, assume any duty to maintain or repair the dock leveler (see Volpe v Hudson View Assoc., LLC, 109 AD3d 814, 815). Further, the evidence submitted by the defendants demonstrated, prima facie, that they did not affirmatively create the dangerous condition, as alleged in the pleadings, and that they lacked actual or constructive notice (see generally Morrison v New York City Hous. Auth., 41 NY3d 1023, 1024). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court